UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| S.S., by and through A.S., <br><br> Plaintiff, <br> v. <br><br> COBB COUNTY SCHOOL DISTRICT, et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:18-CV-00313-JPB |

# ORDER

This matter is before the Court on Cobb County School District's ("Defendant") Motion for Summary Judgment [Doc. 55]. This Court finds as follows:

## BACKGROUND & PROCEDURAL HISTORY

S.S. is a minor child who has been diagnosed with cerebral palsy, developmental delay and a speech and language disorder. [Doc. 69-1, p. 9]. As a result, she struggles with her gross motor skills and functional communication. Id. Since the year 2000, S.S. has received Special Education services from Defendant. Id.

On June 26, 2017, A.S., who is S.S.'s mother, and S.S. (collectively, "Plaintiffs") began administrative proceedings by filing a due process hearing

request form ("Due Process Complaint") against Defendant with the Georgia Office of State Administrative Hearings ("OSAH"). Id. at 5. Plaintiffs' Due Process Complaint sought to remedy Defendant's supposed denial of a free appropriate public education ("FAPE") required by the Individuals with Disabilities Education Act ("IDEA").

On August 16, 2017, after mediation between the parties failed, Defendant asked the OSAH Administrative Law Judge ("ALJ") to enter summary judgment against Plaintiffs. Id. at 45. To support its motion, Defendant presented several of S.S.'s Individualized Education Plans ("IEP"), S.S.'s IEP Progress Reports, affidavits and a 2015 Psychoeducational Report. Plaintiffs opposed any entry of judgment without a hearing and presented evidence from an expert, Dr. Michael M. Mueller, regarding several shortcomings of S.S.'s IEP. For instance, Dr. Mueller opined that S.S. required one-on-one instruction to make academic progress, and because the IEP did not provide for one-on-one instruction, it was deficient. Id. at 228. He also asserted that the IEP had too few goals and objectives, and because of the lack of goals, the majority of S.S.'s school day is spent without critical instruction. Id. at 230. By way of example, he explained that most students like S.S. have thirty to forty language, communication and function skills objectives in their IEPs, and S.S. only has nine. Id. Dr. Mueller emphasized

that S.S. is capable of making academic progress so long as the instruction is on the level of her cognitive abilities and current skill base. Id. at 228-29.

No due process hearing was ever held. Instead, on November 7, 2017, finding that no genuine issue of material fact existed, the ALJ entered an Order Granting Motion for Summary Determination. [Doc. 3-1]. The ALJ seemed to conclude that the IEP's goals and objectives were reasonably calculated to enable S.S. to make progress because S.S.'s IEP contained measurable goals. Id. at 17. The ALJ never referenced Dr. Mueller's concerns that S.S. had too few goals or required one-on-one instruction.

After the ALJ entered judgment in favor of Defendant, Plaintiffs brought this suit seeking review of the ALJ's decision. [Doc. 3]. On July 29, 2020, Defendant filed the instant Motion for Summary Judgment. [Doc. 55]. The parties' briefing on this motion is nearly identical to the briefs they filed with the ALJ.

## ANALYSIS

The IDEA was enacted to promote the education of children with disabilities. Durbrow v. Cobb Cnty. Sch. Dist., 887 F.3d 1182, 1189 (11th Cir. 2018). The IDEA offers "the [s]tates federal funds in exchange for a commitment to provide all 'children with disabilities' individually tailored special education."

Id.  Under the IDEA, when a state identifies a qualified student, the IEP is the primary tool by which a state educational agency accomplishes its mandate to provide disabled students with an appropriately tailored education.  Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1, 137 S. Ct. 988, 994 (2017).  An IEP is a written document that a public school produces in collaboration with an IEP team, which consists of a student's parents or guardians, the student's general and special education teachers and the representatives of the state educational agency.  20 U.S.C. § 1414(d)(1)(B).  Importantly, the Supreme Court of the United States has held that the IEP must be "reasonably calculated to enable the student to receive educational benefits."  Endrew F., 137 S. Ct. at 995-96.  Moreover, the IEP must be "reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances."  Id. at 1002.  This means that a substantively adequate IEP should be "appropriately ambitious in light of a student's circumstance" such that the student has "the chance to meet challenging objectives."  Id. at 1000.

Based on the rule above, this Court must attempt to decide, without the benefit of a due process hearing or a fully developed record, whether S.S.'s IEP was designed to challenge her and "to enable her to make progress appropriate in light of [her] circumstances."  Id. at 999.  Because crafting an appropriate IEP

requires a prospective judgment by school officials, a court cannot evaluate whether an IEP is reasonably calculated to provide a FAPE solely in terms of what a student actually achieves. Instead, as stated above, the court must determine whether the goals and benchmarks designated in the plan were "appropriately ambitious in light of [the student's] circumstances." Id. at 1000.

     Here, in the proceedings below, the parties submitted competing evidence as to whether S.S.'s IEP was reasonable and appropriately ambitious. Whether S.S.'s IEP should have included a provision that S.S. be assigned a paraprofessional to work exclusively with her is one such disputed fact. Specifically, Defendant provided an affidavit from Jessica Coleman, who is the Assistant Director of Special Education for Defendant. [Doc. 69-1, p. 95]. In the affidavit, Coleman explains that S.S. does not need an assigned paraprofessional because her assigned class is small. Id. Plaintiffs, on the other hand, presented expert testimony from Dr. Mueller wherein he explained that S.S. would not progress unless she was assigned a paraprofessional. Id. at 228. Whether the goals contained in S.S.'s IEP were appropriately ambitious was another area in dispute. In Coleman's affidavit, she admitted that S.S.'s parents were not satisfied with the goals and objectives for S.S. Id. at 96. She opined, however, that they were appropriate. Id. Conversely, Plaintiffs presented Dr. Mueller's affidavit, which detailed why the IEP goals were

inadequate.  Id. at 230.  It seems readily apparent to this Court that a genuine issue of material fact exists as to whether S.S.'s IEP provided a FAPE.  In light of this competing evidence, this Court finds that summary adjudication at the administrative level without a due process hearing was improper.  Without fully developed evidence, this Court cannot say whether S.S.'s IEP was or was not reasonably calculated to provide her with a FAPE.

"A factually intensive inquiry into the circumstances of each individual child's case is best resolved with the benefit of agency expertise and a fully developed administrative record."  Albertville City Bd. of Educ. v. Moore ex rel. S.B., No. 4:19-cv-00025-SGC, 2020 WL 2767284, at *6 (N.D. Ala. May 28, 2020).  When a due process complaint is dismissed without an evidentiary hearing and the reviewing court lacks findings and conclusions on the merits of the plaintiff's claims, as is the case here, remand is the most appropriate remedy.  Jenkins ex rel. T.J. v. Butts Cnty. Sch. Dist., 984 F. Supp. 3d 1368, 1380-81 (M.D. Ga. 2013).  As such, Defendant's Motion for Summary Judgment [Doc. 55] is **DENIED**, and this matter is **REMANDED** to the ALJ for the required due process

hearing.[1]  Any party aggrieved by the decision of the ALJ on remand shall have the opportunity to appeal that decision in a civil action.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment [Doc. 55] is **DENIED**, and this matter is **REMANDED** to the ALJ.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 1st day of March, 2021.

							_____
							J. P. BOULEE
							United States District Judge

---

[1] Because remand is the proper remedy here, Plaintiff's Motion for Supplemental Evidence [Doc. 70] is **DENIED** as moot.  This evidence can be presented at the due process hearing.